IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THERMASTEEL SYSTEMS SOUTHEAST, LLC, d/b/a Thermagreen Steel Structures, LLC, an Alabama limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THEODORE BAKER, an individual, and THERMAGREEN STEEL STRUCTURES, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 2:10-cv-01205-JEO |

### REPORT AND RECOMMENDATION

This action was initiated by Plaintiff, Thermasteel Systems Southeast, LLC, d/b/a Thermagreen Steel Structures, LLC, an Alabama limited liability company ("Plaintiff"), against Defendants, Theodore Baker and Thermagreen Steel Structures, LLC, a Delaware limited liability company ("Defendants"), for trademark infringement on May 7, 2010. (Doc. 1). It is currently before the court on Plaintiff's Submission Regarding Damages, Costs, Fees and Injunctive Relief. (Doc. 21). Plaintiff's motion seeks the entry of a permanent injunction and the award of costs and fees. (*Id*. at 2).

### I.     PROCEDURAL HISTORY

Plaintiff's Complaint, which was filed on May 7, 2010, seeks damages and injunctive relief on the basis that Defendants' use of the ThermaGreen mark infringes Plaintiff's rights to the mark and causes actual confusion in the marketplace. (Doc. 1). Service of the Complaint and Summons was executed as to Theodore Baker on May 12, 2010 and as to Thermagreen Steel

Structures on May 13, 2010. (Doc. 5). On August 25, 2010, after Defendants failed to file a responsive pleading, Plaintiff moved for entry of default, which was entered on September 30, 2010. (Docs. 11 & 13). On October 26, 2010, Plaintiff moved for default judgment and a hearing was held on November 15, 2010. (Doc. 14). On November 16, 2010, the undersigned entered a Report and Recommendation recommending that default judgment be granted in part with the remainder to be continued for further proceedings. That recommendation was adopted and approved by the District Court Judge on September 27, 2011. (Docs. 15, 17, & 18).

In its Order, the District Court Judge ordered the following:

1. Defendants are ENJOINED from using the ThermaGreen mark, or a confusingly similar variant thereof, and from otherwise infringing plaintiff's rights to the ThermaGreen mark, including the right to sell and offer for sale products bearing the ThermaGreen mark;

2. Defendants are to deliver for destruction, within thirty (30) days of the date of the court's order, all printed materials within their possession that contain the ThermaGreen mark or a confusingly similar variant thereof;

3. Within thirty (30) days of the date of the court's order, defendants must file with the court documentation listing the manner of their compliance with said order;

4. Within thirty (30) days of the date of the court's order, defendants must submit to an accounting of all profits acquired during Defendants' use of the ThermaGreen mark. The parties shall notify the court when said accounting has concluded.

Upon conclusion of the accounting, the court will order additional relief in the form of damages as the court considers appropriate. Should the court find that a hearing will be necessary to determine the nature and amount of such damages, the parties will be notified.

(Doc. 18). However, as far as the court can tell, Defendants never conducted an accounting for the court to use in its assessment of damages. Notwithstanding that fact, on April 20, 2012,

Plaintiff submitted the instant submission indicating that the only relief Plaintiff seeks is the entry of a permanent injunction and the award of costs and fees. (Doc. 21 at ¶ 5). Because the court has already entered the permanent injunction in this case, (doc. 18), the only issue that remains is the award of costs and fees.

## II. THE MERITS

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "While Congress has not further defined exceptional, the legislative history of the Act suggests that exceptional cases are those where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner." *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)(internal citations and quotation marks omitted). "The effect of the entry of default is that all of the factual allegations in the complaint are taken as true, save for the amount of unspecified damages." *Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1312 (M.D. Fla. 2011)(citing *Buchanan v. Bowman*, 820 F.2d 359, 367 (11th Cir. 1987). Here, Plaintiff alleges that "Defendants' actions are intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive." (Doc. 1 at ¶ 36). Accordingly, the court finds that Plaintiffs have properly shown this case is exceptional. Thus, the award of attorney's fees is appropriate in this case. Plaintiff seeks an award of attorney's fees in the amount of $10,037.00 ($5,187.00 for work completed by Baker, Donalson, Bearmen, Caldwell & Berkowitz, P.C. and $4,850.00 for work completed by Robert D. Drummond, Jr., Esq.), which the court finds is reasonable. (Doc. 21-1).

Finally, the award of costs is also appropriate. 15 U.S.C. § 1117(a) ("When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation

under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled ... to recover ... the costs of the action.").

### III.  CONCLUSION

Having found that the award of costs and attorney's fees is appropriate in this case, the court recommends the entry of a final judgment in favor of Plaintiff including the award of costs in the amount of $350.00, the award of attorney's fees in the amount of $10,037.00, and incorporating the injunction (doc. 18) previously entered by the court.

### IV.  OBJECTIONS

Any specific written objections to this report and recommendation must be filed within fourteen (14) days of the date it is filed in the office of the Clerk.  Any objections must specifically identify the finding or recommendation to which the objections pertain in accord with FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b)(1).

The Clerk of the Court is **DIRECTED** to serve a copy of this report and recommendation upon counsel of record and upon Mr. Theodore Baker, 1125 Norwich Circle, Atlanta, GA. 30324 and ThermaGreen Steel Structures, LLC, c/o Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

**DONE** this 4th day of May, 2012.

_John E. Ott_
**JOHN E. OTT**
United States Magistrate Judge